McKiNNEY, J.,
delivered the opinion of the Court.
This was an action on the case for the seduction of Ellen Jonnard, the step-daughter of the plaintiff, who at the time of her seduction, was, and still is a minor. Judgment was rendered against the plaintiff in the Circuit Court, and the case is brought here by an appeal in error.
The record shows that the plaintiff’s cause of action, and right of recovery, were sufficiently established in every material respect: It likewise discloses the causes of the failure of the action, the admission of a mass of irrelevant and illegal testimony, and the application of erroneous principles in the instructions to the jury.
The question was made on the trial, whether the plaintiff, as .step-father, could maintain the action. Upon this point the Court stated, “that if the plaintiff took the step-daughter to reside with him, as a member of his family, the law would presume .that she rendered service in .consideration of. maintenance,” &c. This is correct as far as it goes: but the law is not fully stated, as the question in all its aspects and bearings, required.
.The husband is not by law, bound to maintain a *148 child of the wife by a former husband. But if he receives such child into his own house, he is then considered as standing in loco parentis, and is responsible for the maintenance and education of the child so long during its minority, as it lives with him: for by so doing, he holds the child out to the world as part of his family. 2 Kent, Com. 192. This is precisely the obligation of a father, as respects the support of his minor child; and the obligation and duty being the same, it would seem necessarily to follow, that the corresponding right to the service and control of the child, should be the same. ■ The duty of protection of the minor child, must also be held to be the same in the case of a step-father, who has adopted and incorporated as a member of his family, the child of his wife by a former husband, as in the case of the natural father; and if so, the former, it would seem, should be entitled to the same mode of redress for all injuries or wrongs to the child, affecting his rights as the latter. And perhaps no just discrimination — as regards the measure of redress — can be based upon the difference of relation of step-father and natural parent, when we look to the true grounds upon which, by the recent decisions, damages are allowed in this action; namely, the disgrace brought upon the injured female, and consequent dishonor and suffering visited upon her family. It follows, therefore, that for the purpose of this action, a step-father, who has adopted the child of his wife, may, not only maintain the action, but that it must be governed by the same principles and rules of evidence as if the suit were by the father. If there be just ground of discrimination *149 between the cases, as respects the quantum of damages, growing out of the circumstances of the particular case, this will be open to the observation of the Court and jury on the trial, and may be safely left to their discretion. We have held in Parker vs. Meek, 3 Sneed, that this action may be maintained by any one standing in loco parentis, and that, as respects the form, it rests on fictitious grounds, and that, in substance, it is a mode of redressing and punishing one of the most aggravated private injuries to the family of the person seduced. In the case of a minor, service is not necessary ; nor is it essential that the minor child should be living in her father’s family at the time of the seduction, or birth of the child;, it is enough that the parent was entitled to, and might have commanded her services; in such cases, for all the ends of this action, the law will presume the relation of master and servant, and service likewise.
Having stated these general principles, in consequence of the views entertained of this case in the Court below, we pass to the consideration of another portion of the instructions of the Court to the jury.
It seems to have been assumed, on the trial, as a ground of defense to the action — though without any sufficient foundation, from the proof before us — that the plaintiff was the mere creature of his wife and family. And with reference to this assumption, the Court stated to the jury: “ That the husband had a right, in law, to be the head of the family, and was presumed to assume that position, in the absence of proof to the contrary.”
“But it was competent to show by proof, that in *150 point of fact, be was not tbe bead or governor of tbe family, that be in fact exercised no authority, government or control over it; that be was a mere cypher, and dhat instead of being served by the members of tbe family be -'became their servant.” * * * * “And if tbe proof showed such to be tbe fact in this case, no presumption of service would arise from tbe fact that' tbe plaintiff and bis -step-daughter resided in tbe same bouse and boarded at tbe same table.”
This entire statement — as regards tbe legal right of tbe plaintiff to maintain tbe action — is erroneous. It is not law.
By tbe common law tbe husband is tbe sole and absolute bead of tbe family: and of this character and relation, with its attendant rights 'and obligations be cannot be divested — in tbe absence of mental or moral incapacity — during tbe continuance of tbe matrimonial union, as respects tbe wife, or tbe minority of bis children, as respects them. Tbe separate legal existence and authority of tbe wife is suspended, and neither she, nor tbe minor children, can do any act, except by bis authority expressed or implied, to bind him or prejudice bis rights, so long as be reasonably discharges bis relative duties towards them, according to bis circumstances and condition in life. As husband be is absolutely bound to provide' reasonably for tbe support of bis wife: and as father, be is in like manner bound to provide for tbe maintenance and education of bis children, during their minority, if •of sufficient ability. As bead of tbe family, be alone is responsible, in law, for tbe proper control and government of bis household; be alone is punishable for *151 its misgOYernment or disorder: even though the wife or family may be .the cause of disorder. And as he cannot be heard, on the one hand, to allege as an excuse for his failure to discharge the duties of husband or father, his own unfitness, or want of adaptation to the character or relation he occupies, so neither on the other hand, can he be deprived of the rights, privileges and authority properly belonging to him as head of the family, on the ground of his supposed want of the suitable powers or qualifications, physical or moral, or the approving authority or dominion of the wife and family, in point of fact. Such considerations are altogether irrelevant and inadmissible.
To the relation of head of a -family, the law has attached certain rights and duties. And for certain purposes, the individual occupying such relation, is conclusively presumed to be possessed of the necessary qualifications for the discharge of his duties, as well as for the maintenance of his rights, and evidence to show the fact to be otherwise, cannot be allowed. The law from motives of expediency, precludes such an inquiry. If the doctrine laid down in the instructions of the Circuit Judge were established, the husband and father might often be despoiled of his rights, and discharged of his liabilities. Such a doctrine would lead to the most absurd and mischievous consequences, and to utter confusion and derangement in all the domestic relations.
As a legitimate consequence of the principle assumed in the charge of the Court, the defendant was permitted to introduce, as evidence to the jury, a written instrument, purporting to contain the terms of a full *152 and final compromise and adjustment of the subject matter of the present suit, made between the plaintiff’s wife and seduced daughter of the one part, and the defendant of the other, by which, for the consideration of thirty-five dollars, agreed to be paid to them by the defendant, they are made, not only to acquit him of all liability to suit, but likewise to exonerate him from the false accusation of seduction, and the unfortunate girl is made voluntarily to declare her own infamy, in a double sense, and her mother to avouch the truth of the declaration.
This paper was prepared by an attorney, who appeared in the Court below as one of the defendant’s counsel in the case, who was examined as a witness for the defendant, on the trial, and avowed that the paper was his “ own production.” The paper was placed by the attorney,.in the hands of an intimate friend of the defendants, who states that he submitted the paper to them, the mother and daughter, and explained to them, as well as he could,, its effects; they being foreigners, and but little acquainted with the English language, as proved by another witness; at least such is the case as regards the mother. All this took place before the birth of the child, and during the temporary absence of the plaintiff in East Tennessee, where he was engaged for sometime in the pursuit of his vocation, and before the institution of this suit.
We forbear to characterize this paper; we leave it, and the circumstances connected with its execution, to speak for themselves. All that we need ' say is, that the admission of the paper, as evidence, was an error to be deeply regretted, as the result proved. Other *153 evidence equally exceptionable, was admitted, consisting of tbe acts and declarations of tbe plaintiff’s wife, tbe brothers and sisters of tbe injured girl, tbe girl berself, and various other persons, in relation to proposed terms of compromise, and negotiations, on tbe part of third persons, with tbe girl and her relations, and also with the defendant; all of which took place in tbe plaintiff’s absence, and. without bis knowledge, and were for that reason inadmissible to affect bis rights. Various other matters, as tbe defendant’s own protestations of bis innocence, evidence of bis reputation for continence — indirect attempts to prejudice tbe credit of tbe injured female, as a witness, and to show that tbe plaintiff was but a boarder in tbe family, and many other things equally irrelevant, were received as evidence to tbe jury, in violation of well-established and familiar principles of evidence. Tbe evidence of tbe physicians, as to tbe examination of tbe girl, with tbe view of ascertaining whether or not she was pregnant, and all tbe admissions and statements of tbe girl, tbe defendant and others, in connection therewith, to tbe prejudice of tbe plaintiff’s rights, should have been rejected by tbe Court.
Tbe case demanded a careful examination. Tbe record shows that artful schemes were laid, and efforts repeatedly made to elicit admissions, and draw forth statements from tbe plaintiff, as well as from tbe girl berself, and other members of tbe family, with a view to beget confusion and contradictions. And it is impossible to read tbe record without receiving tbe painful impression,. that justice was overpowered by a combination of influences, brought to bear upon an obscure stranger in indigent circumstances, and standing alone in *154 the community, but upon whose reputation, from the proof, there is not a blot. His family too, seemed to have preserved a reputation above all reproach, up to the time of Ellen’s seduction. Since then exertions have been made to destroy her reputation and claims to credit; but, when all the circumstances are duly considered, the attempt has not been successful. ■
The statement alleged to have been made by the plaintiff, “that he was forced by his family to bring this suit,” when we look to the time, place, and circumstances under which it is stated to have been made, is entitled to no consideration.
The question is: Has the plaintiff made out a sufficient cause of action ? Hid he adopt the step-daughter as a member of his family? And was she debauched and gotten with child by the defendant ? These facts, we think are established by the proof in the record before us, and therefore the plaintiff ought to have had a verdict.
The judgment will be reversed, and the case remanded for a new trial.